**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CORY MCDANIEL,** on behalf of himself and others similarly situated, | : : : | |
| Plaintiff, | : : | CASE NO. 2:20-cv-4497 |
| v. | : : | JUDGE |
| **RECON OILFIELD SERVICES, INC,** c/o Incorp Services Inc. 9435 Waterstone Blvd., Suite 140 Cincinnati, OH 45249 | : : : : : | MAGISTRATE JUDGE **JURY DEMAND ENDORSED HEREON** |
| -and- | : : | |
| **TRIPLE J OILFIELD SERVICES LLC** c/o Tammie Vargas 69360 Blaine-Chermont Rd. Bridgeport, OH 43912 | : : : : : | |
| Defendants. | : | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now comes Plaintiff Cory McDaniel ("Named Plaintiff" or "Plaintiff" or "McDaniel"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for Collective and Class Action Complaint against Defendants Recon Oilfield Services, Inc. ("Defendant Recon" or "Recon") and Triple J Oilfield Services LLC ("Defendant Triple J" or "Triple J") (collective  Recon and Triple J will be referred to as "Defendants") for their failure to pay employees overtime wages and seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15; and Ohio's Recordkeeping laws, Ohio Rev. Code

§§ 4111.08, 4111.14(G) & (H), and Article II, Section 34a of the Ohio Constitution ("Ohio's Recordkeeping laws") (the Ohio Wage Act, the OPPA, and Ohio's Recordkeeping laws will be referred to collectively as "the Ohio Acts"). Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a class action under Rule 23. The following collective and class action allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.     JURISDICTION AND VENUE

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

2.     This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.     Venue is proper in this forum pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Ohio and Defendants conducted substantial business in the Southern District of Ohio.

## II.     PARTIES

### A.  Named Plaintiff McDaniel

4.     Named Plaintiff McDaniel is an individual, United States citizen, and was employed in this judicial district.

5.     Named Plaintiff McDaniel worked as an hourly, non-exempt "employee" of Defendants as defined in the FLSA and the Ohio Acts primarily in the position of Blowout Preventer ("BOP") Operator in or around January 2018 until July 2020.

6.     At all times relevant, Named Plaintiff McDaniel primarily performed non-exempt duties for Defendants and was paid on an hourly basis.

7.     Named Plaintiff McDaniel's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A.**

**B.  Defendants**

8.     Defendant Recon is a foreign corporation authorized to do business in Ohio and Defendant Recon conducts business in this judicial district.

9.     Defendant Recon provides BOP services and hydrostatic testing, pressure and steam washing, and oilfield roustabouts for oilfield companies in the State of Ohio and elsewhere in the United States.

10.     Defendant Triple J is a foreign limited liability company authorized to do business in Ohio, and Defendant Triple J conducts busines in this judicial district.

11.     Upon information and belief, Defendant Recon and Defendant Triple J are owned and operated by the same individual(s).

12.     Defendants have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records. Defendants form a "single employer" as they are part of a single integrated enterprise and/or they are joint employers as they jointly operate and maintain interrelated operations, centralized control of labor relations, common management and common ownership and financial control.

13.     Because the work performed by Named Plaintiff and all other operators and oilfield roustabouts benefited Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Named Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

14.     Each of the Defendants has substantial control over Named Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

15.     Each of the Defendants directly or indirectly controls of the terms and conditions of Named Plaintiff's work and the work of similarly situated employees.

16.     Each of the Defendants maintained control, oversight, and direction over Named Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

17.     Upon information and belief, Defendants cause to be applied substantially the same employment policies, practices, and procedures to all employees at their locations, including policies, practices and procedures relating to payment of minimum wages, overtime wages, timekeeping, and the tip credit.

18.     Each of the Defendants is an "employer" of Named Plaintiff and similarly situated employees as that term is defined by the FLSA.

19.     Each of the Defendants has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

20.     Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

21.     Upon information and belief, Defendants jointly operate, control, and employ employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,00000 per year (exclusive of excise taxes at the retail level).

22.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they are legally required to comply with the wage laws of the United States and of the State of Ohio, as well as recordkeeping laws of the State of Ohio.

23.     During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein

## III.    FACTS

24.     Named Plaintiff and those similarly situated employees held job titles which included, but are not limited to, operator, laborer, and roustabout (collectively referred to as "operators").

25.     Regardless of the job title, Named Plaintiff and those similarly situated operators were paid on an hourly basis and were non-exempt employees of Defendants.

26.     Defendants required Named Plaintiff and those similarly situated operators to remain on call at virtually all times.

27.     Defendants contacted Named Plaintiff and those similarly situated operators to report to work when they are needed for a job.

28.     Named Plaintiff and those similarly situated operators reported to Defendants' facility to begin work.

29.     Named Plaintiff and those similarly situated operators gathered their tools and traveled to the worksite.

30.     Named Plaintiff and those similarly situated operators remain at the job site until the work is completed, at which time, Named Plaintiff and those similarly situated operators return to Defendants' facility to unload tools and materials.

31.     Named Plaintiff and those similarly situated operators do not clock in and out for work. Instead, Defendants' dispatchers are responsible for tracking Named Plaintiff's and those similarly situated operators' compensable hours.

32.     Oftentimes, Defendants did not accurately track Named Plaintiff's and those similarly situated operators' time worked.

33.     Named Plaintiff's and those similarly situated operators' timesheets regularly reflected less hours worked than Named Plaintiff and those similarly situated operators actually worked. Moreover, Named Plaintiff's and those similarly situated operators' timesheets are often physically edited with white out and cross outs to reduce their compensable hours worked.

34.     Named Plaintiff and those similarly situated operators were only paid for the time that Defendants' dispatchers recorded as their time worked, regardless of whether Named Plaintiff and those similarly situated operators worked more time than what was recorded.

35.     Defendants' dispatchers regularly and systematically reduced Named Plaintiff's and those similarly situated operators' hours worked to avoid paying overtime.

36.     Named Plaintiff and those similarly situated operators regularly worked more than forty (40) hours per workweek, or they would have worked more than forty (40) hours per workweek if all of their compensable time was logged, but they were not paid one and one-half times their regular

rate of pay for all hours worked over forty (40) as a result of Defendants' policy or practice to not accurately track their time worked.

37.     Defendants' failure to compensate Named Plaintiff and those similarly situated operators as set forth above resulted in unpaid overtime.

38.     Defendants' policy and/or practice of not fully compensating operators applies to all of their hourly, non-exempt operators.

39.     This unpaid work performed by Named Plaintiff and other similarly situated operators constituted a part of their principal activities, was required by Defendants, and was performed for Defendants' benefit.

40.     Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Named Plaintiff and other similarly situated operators.

41.     At all times relevant herein, Named Plaintiff and those similarly situated operators were employees as defined in the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

42.     Defendants are and have individually and jointly been an "employer" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

43.     Defendants knowingly and willfully failed to pay Named Plaintiff and other similarly situated operators for time spent working as described herein.

44.     As a result of Defendants' common policy and/or practice described above, Named Plaintiff and other similarly situated operators have not been paid for all hours worked, resulting in overtime damages in one or more workweeks when they worked at least 40 hours during their employment.

45.     Upon information and belief, for the three years preceding the initial Complaint, Defendants applied the same pay practices and policies to all hourly, non-exempt operators, including Named Plaintiff.

**A. 216(b) Collective Action for Unpaid Overtime Wages.**

46.     Named Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

47.     The class which Named Plaintiff seeks to represent and for whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which  Named Plaintiff himself is a member, is composed of and defined as follows:

> All current and former hourly, non-exempt field employees of Defendants who worked at least 40 hours in any workweek during the three years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Collective" or "FLSA Collective Members").

48.     The field employees encompassed in the definition above include, but are not limited to, employees working as "operators."[1]

49.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Named Plaintiff, numerous current and former operators are similarly situated with regard to their wages and claims for unpaid overtime wages and damages.  Named Plaintiff is representative of those other operators and is acting on behalf of their interests, as well as his own, in bringing this action.

---

[1] Again, "operators" includes those employees working in positions entitled as operator, laborer, and roustabout.

50.     These similarly situated employees are known to Defendants and are readily identifiable through Defendants' business and payroll records.  These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

**B.  Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages.**

51.     Named Plaintiff brings his Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other members of the following class:

> All Ohio current and former hourly, non-exempt field employees of Defendants who worked at least 40 hours in any workweek during the two years preceding the filing of this Complaint and continuing through the final disposition of this case (the "Rule 23 Class" or the "Rule 23 Class Members").

52.     The Rule 23 Class includes all operators employed by Defendants who worked in the State of Ohio during the relevant time period above.

53.     The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

54.     Named Plaintiff is a member of the Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

55.     Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

56.     Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that he has undertaken to represent.

57.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

58. Questions of law and fact are common to the Rule 23 Class.

59. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt operators.

60. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Rule 23 Class as a whole.

61. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and fact common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

62. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Rule 23 Class for all overtime hours worked; (b) whether Defendants kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; (e) whether the unpaid and/or withheld compensation remained unpaid in violation of the OPPA; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

63. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural

burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**IV.**     <u>**CAUSES OF ACTION**</u>

<u>**COUNT I**</u>
**(29 U.S.C. § 207 - FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME)**

64.     All of the preceding paragraphs are realleged as if fully rewritten herein.

65.     This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the FLSA Collective Members against Defendants.

66.     Defendants' practice and policy of not paying Named Plaintiff and the FLSA Collective for integral and indispensable work performed each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

67.     Further, Defendants' practice and policy of not paying Named Plaintiff and other similarly situated operators overtime compensation at a rate of one and one-half times their regular rate of pay for all overtime hours worked violates the FLSA.

68.     Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Named Plaintiff and the FLSA Collective violated the FLSA, 29 CFR 516.2(a)(7).

69.     By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

70.     As a result of Defendants' practices and policies, Named Plaintiff and the FLSA Collective have been damaged in that they have not received wages due to them pursuant to the FLSA.

71.     The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendants and/or were not kept by Defendants.

72.     Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself, and the FLSA Collective.

## COUNT II
### (R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

73.     All of the preceding paragraphs are realleged as if fully rewritten herein.

74.     This claim is brought under the Ohio Acts.

75.     Named Plaintiff and the Rule 23 Class Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under the Ohio Acts.

76.     The Ohio Acts requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

77.     While employed by Defendants, Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under R.C. § 4111.03, but they were not fully paid overtime wages for all such hours spent working as outlined above.

78.     As a result of Defendants' company-wide corporate policies, it failed to pay Named Plaintiff and the Rule 23 Class Members all overtime wages earned resulting in unpaid overtime.

79.     Named Plaintiff and the Rule 23 Class were not exempt from the wage protections of the Ohio Acts.

80.     Defendants' repeated, knowing failure to pay overtime wages to the Named Plaintiff and the Rule 23 Class Members were violations of R.C. §4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

81.     For Defendants' violations of R.C. §4111.03, Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the Rule 23 Class Members.

## <u>COUNT III</u>
### (R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION)

82.     All of the preceding paragraphs are realleged as if fully rewritten herein.

83.     Named Plaintiff and the Rule 23 Class Members have been employed by Defendants.

84.     During relevant times, Defendants were entities covered by the OPPA, and Named Plaintiff and the Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

85. The OPPA requires that the Defendants timely pay Named Plaintiff and the Rule 23 Class Members all wages, including unpaid overtime, in accordance with R.C. § 4113.15(A).

86. During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rates of pay, within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

87. Named Plaintiff and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

88. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

### COUNT IV
### (VIOLATIONS OF RECORDKEEPING LAWS)

89. All of the preceding paragraphs are realleged as if fully rewritten herein.

90. Ohio Rev. Code §§ 4111.08, 4111.14(G) & (H), and Article II, Section 34a of the Ohio Constitution require employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See also*, 29 C.F.R. §§ 516.2 *et seq.*

91. During times material to this complaint, Defendants were covered employers, and required to comply with the Ohio's Recordkeeping laws.

92. Named Plaintiff and the Rule 23 Class Members were covered employees entitled to the protection of Ohio's Recordkeeping laws.

93. During times material to this complaint, Defendants violated Ohio's Recordkeeping laws with respect to Named Plaintiff and the Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

94.     In violating Ohio's Recordkeeping laws, Defendants acted willfully and with reckless disregard of clearly applicable recordkeeping provisions.

<u>COUNT V</u>
**RULE 23 CLASS ACTION FOR DAMAGES PURSUANT TO O.R.C. 2307.60**

95.     All of the preceding paragraphs are realleged as if fully rewritten herein.

96.     The FLSA, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

97.     By their acts and omissions described herein, Defendants have willfully violated the FLSA, and the Named Plaintiff and the Ohio Rule 23 Class have been injured as a result.

98.     R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

99.     As a result of Defendants' willful violations of the FLSA, Named Plaintiffs and the Ohio Rule 23 Class are entitled to compensatory and punitive damages pursuant to R.C. § 2307.60.

**V.      PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendants and for an Order:

A.      Certifying the proposed FLSA collective action;

B.      Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C.      Certifying the proposed Rule 23 Class under the Ohio Acts;

D.      Finding that Defendants have failed to keep accurate records in accordance with the FLSA and the Ohio Acts, and as such, Named Plaintiff, the FLSA Collective, and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E.       Judgment against Defendants for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

F.       Judgment against Defendants for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff, the FLSA Collective, and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

G.       Awarding to Named Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

H.       Awarding to Named Plaintiff and the Rule 23 Class Members Awarding liquidated damages pursuant to the OPPA in the greater amount of $200 per violation or six percent (6%) of all unpaid overtime compensation owed to the Plaintiff and the Rule 23 Class Members during the applicable statutory period;

I. Awarding Named Plaintiffs and the Rule 23 Class Members compensatory and punitive damages under O.R.C. § 2307.60;

J. Awarding Named Plaintiff, the FLSA Collective, and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

K.       Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the Ohio Acts;

L.       Directing Defendants to pay reasonable attorney's fees and all costs connected with this action;

M.      Leave to add additional plaintiffs;

N.      Judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

O.      Such other and further relief as to this Court may deem necessary, just or proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
        agedling@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman