IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CORY MCDANIEL, on behalf of himself and others similarly situated, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. 2:20-cv-4497 |
| v. | : | CHIEF JUDGE ALGENON L. MARBLEY |
| | : | MAGISTRATE JUDGE VASCURA |
| RECON OILFIELD SERVICES, INC., | : | |
| *et al.*, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

This matter comes before the Court on the parties' Joint Motion for FLSA Conditional Collective Action Certification ("Motion"). (ECF No. 21). In August 2020, Plaintiff filed a lawsuit alleging, among other things, violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et. seq.* ("FLSA"), arising from Defendants' failure to pay overtime wages to its oilfield operators, laborers, and roustabouts. (ECF No. 1). Pursuant to Section 216(b) of the FLSA, the parties filed a joint motion seeking conditionally to certify a class and approved the jointly submitted proposed Notice and Consent to Join ("Notice Packet"). (ECF Nos. 21 and 21-1). The parties agree on the proposed collective class definition, as well as the timetable and manner in which the Notice Packet will be distributed.

Accordingly, for the reasons outlined in their motion and for good cause shown, this Court **GRANTS** the parties' Joint Motion. This Court hereby conditionally certifies the following class:

> All current and former hourly, non-exempt Ohio field employees of Defendants who were paid 40 or more work hours in any workweek from December 30, 2017 and continuing through the final disposition of this case ("FLSA Collective" or "FLSA Collective Members").

1

This Court also hereby **APPROVES** the form and substance of the proposed Notice filed as Exhibit A. This Court also **APPROVES** the form and substance of the "Consent to Join" form included within Exhibit A. Together, these documents constitute the "Notice Packet." This Court authorizes this Notice Packet to be sent to putative members of the collective action and authorizes a 60-day period for individuals to return the Consent Forms from the date the Notices are sent. This time period constitutes the "Notice Period."

Given the agreement of the Parties, this Court further orders that Defendant shall provide to Plaintiff a list containing the names, last known addresses (including zip code), e-mail addresses, and phone numbers for the FLSA Collective Members, as defined above, in Microsoft Excel format. Defendants shall provide this information no later than twenty-one days from the date of this Order. During the notice period, Plaintiffs' counsel shall only use this list to communicate with putative class members as described herein.

Plaintiff's Counsel shall send to putative class members the Notice Packet as approved by this Court and shall send nothing further. Plaintiff's Counsel shall send the Notice Packet by mail and email within seven days of receiving the putative class members' contact information from Defendant. Plaintiff's Counsel shall verify the date of postmark with Defendant's Counsel within one business day of mailing.

All Consent Forms sent to Plaintiff's Counsel for filing with the Court must be postmarked or otherwise returned within the Notice Period. If any Notice Packet sent via first-class U.S. Mail is returned to Plaintiff's Counsel because of an incorrect mailing address, Plaintiff's Counsel may call the potential opt-in plaintiff after their Notice Packet is returned in order to obtain their current mailing address.

3

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  April 5, 2021**