UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CORY McDANIEL,**

    **Plaintiff,**

  v.                               Civil Action 2:20-cv-4497
                                     Chief Judge Algenon L. Marbley
                                     Magistrate Judge Chelsey M. Vascura

**RECON OILFIELD SERVICES, INC.,**
*et al.*,

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Extend Discovery Deadlines and Rule 23 Deadline (ECF No. 60). For the reasons that follow, the Motion is **DENIED**.

**I.    BACKGROUND**

Named Plaintiff, Cory McDaniel, commenced this action on August 31, 2020, asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 216, *et seq.* ("FLSA"), and Ohio wage and hour laws. (ECF No. 1.) Named Plaintiff and Defendants jointly moved for conditional certification of a collective action under the FLSA, which the Court granted on April 5, 2021. (ECF Nos. 21, 24.) When the notice period ended on July 23, 2021, 58 additional plaintiffs had opted in to the FLSA collective action.

Meanwhile, the undersigned held a Preliminary Pretrial Conference on May 19, 2021. (ECF No. 31.) The Preliminary Pretrial Order issued following the conference specifically addressed the timing for discovery necessary for Named Plaintiff's potential motion for class

certification under Federal Rule of Civil Procedure 23, granting Named Plaintiff six months to complete the necessary discovery:

> Plaintiff's counsel has not yet determined whether to file a motion seeking Rule 23 class certification. As set forth above, any such motion shall be filed by February 15, 2022. Class discovery—limited to the issues relevant to Plaintiff's forthcoming Rule 23 class certification motion—must be completed by November 19, 2021. The parties agree that full discovery relating to plaintiffs who opt-in to the conditionally certified class may also proceed during this timeframe.

(*Id.* at 3.) The Preliminary Pretrial Order also directed the parties to confer in April 2022 "as to appropriate deadlines for completion of any additional merits-based and damages discovery, as well as deadlines for expert disclosures and the filing of any motion for decertification or dispositive motions." (*Id.*)

On September 27, 2021, Named Plaintiff sought and obtained Defendants' consent to extend the Rule 23 class certification discovery deadline by 90 days (*i.e.*, to February 17, 2022), with Named Plaintiff's motion for Rule 23 class certification due 30 days later (*i.e.*, on March 19, 2022). (Pl.'s Mot. 2–3, ECF No. 60; Defs.' Mem. in Opp'n 5, ECF No. 62.) However, Plaintiff inadvertently failed to file an unopposed motion to extend these deadlines with the Court. (*Id.*)

Defendants served their written responses and objections to Named Plaintiff's discovery requests on October 25, 2021. Defendants had by this time compiled responsive documents for production, but withheld them pending the entry of a stipulated protective order. (Pl.'s Mot. 3, ECF No. 60; Defs.' Mem. in Opp'n 6, ECF No. 62.) Defendants enclosed with their written discovery responses a draft stipulated protective order, but Plaintiffs' counsel inadvertently failed to provide proposed revisions until nearly three months later on January 17, 2022. (*Id.*) The parties reached agreement on the terms of the protective order on January 28, 2022, and Defendants made their document production subject to those terms on February 1, 2022. (*Id.*)

2

On February 14, 2022, Named Plaintiff filed the subject Motion to extend the deadline for discovery related to Rule 23 class certification until July 22, 2022, and to extend the deadline to file his motion for Rule 23 class certification until August 26, 2022. (ECF No. 60.) Defendants oppose this extension, contending that (1) they are entitled to an early Rule 23 class certification decision under Rule 23(c)(1)(A), (2) Named Plaintiff has been dilatory in seeking discovery related to the Rule 23 prerequisites, and (3) any delay in Defendants' document production was due to Plaintiff's counsel's delay in responding to Defendants' proposed protective order. (ECF No. 62.)

Defendants' opposition brief was filed the afternoon of February 22, 2022, which was 13 days sooner than required under this Court's Local Rules. That morning, Named Plaintiff served Defendants a deficiency letter, outlining alleged deficiencies in Defendants' written discovery responses and document production. (Letter, ECF No. 63-1.) Plaintiffs' counsel specifically takes issue with Defendants' objections on the basis that Plaintiffs were not entitled to Rule 23 merits discovery at this stage, and contends that the discovery requests at issue were instead "aimed at evidence to support commonality and typicality." (*Id.*) Named Plaintiff relies on this deficiency letter in his reply brief, filed March 3, 2022. (ECF No. 63.)

## II. STANDARDS GOVERNING CASE SCHEDULE AMENDMENTS

A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281

3

F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (citing cases); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

### III. ANALYSIS

Having unjustifiably delayed several aspects of discovery in this case, Named Plaintiff has failed to show good cause to extend the Rule 23 class certification discovery deadline. First, Named Plaintiff failed to move for an extension of the original November 19, 2021 Rule 23 class certification discovery deadline after obtaining Defendants' consent to do so, making the subject Motion nearly three months overdue. Second, Named Plaintiff failed to respond to Defendants' proposed protective order for nearly three months, which delayed at least some of Defendants' document production.[1] Finally, Named Plaintiff waited almost four months after Defendants served their written responses and objections, and until after he filed the subject Motion, to contest Defendants' objections on the basis of Rule 23 merits discovery. Named Plaintiff characterizes the first two delays as inadvertent and provides no explanation for the third. This pattern of unexplained delay prevents Named Plaintiff from making the necessary showing that he could not reasonably meet the case schedule deadlines despite exercising diligence. *See Barrios v. Elmore*, No. 3:18CV-00132-DJH, 2020 WL 3422225, at *3 (W.D. Ky. Apr. 9, 2020)

---

[1] Plaintiff contends that the bulk of the documents Defendants produced were not marked "confidential," and therefore they should have been produced in advance of agreement on a protective order. But Named Plaintiff still could have obtained production several months earlier had he promptly responded to Defendants' draft protective order.

4

("Carelessness or attorney error is generally insufficient to meet the good cause standard of Rule 16(b).").

The Court must also consider possible prejudice to Defendants in extending the Rule 23 class certification discovery and motion deadlines. The undersigned can discern little prejudice that would befall Defendants if the deadlines were extended, as the parties have yet to complete substantial merits-based, damages, and expert discovery. (*See* Prelim. Pretrial Order 3, ECF No. 31.)

On balance, however, the undersigned concludes that Named Plaintiff's unexplained lack of diligence carries the day. As the "primary measure" of Rule 16's good cause standard, *Inge*, 281 F.3d at 625, lack of diligence by the movant should ordinarily carry more weight than lack of prejudice to the nonmovant. Accordingly, Named Plaintiff's Motion is **DENIED**.

## IV. DISPOSITION

For the foregoing reasons, Plaintiff's Motion to Extend Discovery Deadlines and Rule 23 Deadline (ECF No. 60) is **DENIED**. The Preliminary Pretrial Order's requirement for the parties to confer in April 2022 as to appropriate deadlines for completion of any additional merits-based and damages discovery, as well as deadlines for expert disclosures and the filing of any motion for decertification or dispositive motions, remains in effect. (ECF No. 31 at 3.)

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE